PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990
Paul M. Basta
Lewis R. Clayton
Jacob A. Adlerstein
Claudia R. Tobler

*Counsel for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re:                                              :    **Chapter 11**
                                                    :
**CUMULUS MEDIA INC.,** *et al.*,                   :    **Case No. 17-13381 (SCC)**
                                                    :
        Debtors.[1]                    :    **(Jointly Administered)**
                                                    :
----------------------------------------------------------------x

## STIPULATION AND ORDER
## GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

Cumulus Media Inc. and its affiliated debtors and debtors in possession, including Cumulus Broadcasting, LLC (collectively, the "Debtors"), and Donald Foster (the "Claimant"), hereby enter into this stipulation, agreement, and proposed order to lift the automatic stay. The parties (the "Parties") represent and agree as follows:

### Recitals

---

[1] The last four digits of Cumulus Media Inc.'s tax identification number are 9663. Because of the large number of Debtors in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/cumulus. The location of the Debtors' service address is: 3280 Peachtree Road, N.W., Suite 2200, Atlanta, Georgia 30305.

A.      On November 29, 2017 (the "Petition Date"), the Debtors each commenced a case by filing for relief under chapter 11 (collectively, the "Chapter 11 Cases") of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors' cases are being jointly administered by order of the Court.

B.      The Debtors continue to operate their businesses as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

C.      On December 11, 2017, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors.  No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

D.      On or about February 10, 2015, prior to the Petition Date, the Claimant commenced an action entitled Donald Foster v. Carson Cabbot Lee, et al., in the Superior Court of California, County of Ventura, Case No. 56-2015-00463880-CU-PO-VTA based on alleged injuries sustained from an automobile accident that occurred on September 3, 2014 (the "State Court Action").  At the time of the alleged incident, defendant Carson Cabbot Lee ("Lee") was employed by Debtors Cumulus Media, Inc. and Cumulus Media Broadcasting, Inc., which were also named as defendants.

E.      On October 31, 2017, the jury in the State Court Action rendered a verdict in favor of Claimant against Debtors.

F.      The State Court Action was stayed as of the Petition Date and remains stayed pursuant to section 362(a) of the Bankruptcy Code (the "Automatic Stay").

G.      The Claimant desires relief from the Automatic Stay to recover against any applicable insurance policy held by Debtors.

H. The Debtors maintain commercial liability insurance with third-party insurers (the "Insurance Policies").

I. Claimant has agreed to limit any recovery that may be obtained in connection with the State Court Action solely to the proceeds of the Insurance Policies.

J. Claimant has agreed to waive any claims against the Debtors' estates and the Debtors' wholly owned subsidiaries.

K. To avoid excessive litigation and prevent undue delay and costs, the Debtors are prepared to consent to relief from the Automatic Stay on the terms and conditions specifically set forth herein and on the condition that any amounts sought to be recovered by the Claimant by means of a final order or settlement be recovered solely from the proceeds of any applicable Insurance Policies, and that the Claimant waives any and all right to a distribution from the Debtors' estates in the Chapter 11 Cases.

NOW, THEREFORE, it is hereby ordered, agreed and stipulated as follows (hereinafter, the "Stipulation and Order"):

1. This Stipulation and Order shall have no force or effect unless and until approved by the Bankruptcy Court (the "Effective Date").

2. Upon the Effective Date, the Automatic Stay shall be modified solely to the extent necessary to permit Claimant to continue the State Court Action in all respects, to final and binding resolutions and/or settlement and collect from the Insurance Policies without further action of this Court; *provided*, *however*, that:

  a. All other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against the Debtors that was or could have been commenced prior to the Petition Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Petition Date from the Debtors and Debtors' estates, shall remain in full force and effect.

      b.      Any amounts recovered by Claimant by a final order or settlement shall be limited and recoverable solely from the available proceeds of the Insurance Policies.

      c.      The Claimant agrees that a proof of claim will not be filed in these Chapter 11 Cases, or recovery will not otherwise be sought from the Debtors' estates in any manner with respect to any claim arising from, or related to, the State Court Action and that to the extent a proof of claim already has been filed in this case, that such proof of claim shall be deemed withdrawn upon the approval of this Stipulation and Order; and

      d.      The Claimant waives any right to recover upon any claim against the Debtors, their bankruptcy estates or the Debtors' wholly owned subsidiaries, including, but not limited to, any claim for a deductible or self-insured retention under any insurance policy of the Debtors or any amounts in excess of available insurance coverage.

3.      No judgment shall be entered in the State Court Action against the Debtors in excess of the insurance coverage afforded to the Debtors.

4.      The Claimant acknowledges and agrees that the recovery of the Claimant against the Debtors, if any, shall be limited to the insurance coverage available to the Debtors, if any, under the Insurance Policies, and the Claimant hereby releases the Debtors and their wholly owned subsidiaries, their respective estates, directors, officers, employees and agents, and their respective representatives, heirs, executors, administrators, successors and assigns from any and all claims, whether direct or indirect, arising out of or related to the State Court Action. Claimant further agrees that Claimant shall not seek any recovery from the Debtors, their respective estates, directors, officers, employees or agent, or seek any recovery, execution or levy against any of the Debtors' property or assets, for any amounts that may be awarded to Claimant with respect to the State Court Action.

5.      Neither this Stipulation and Order, nor any actions taken pursuant hereto, shall affect the rights of the Debtors or their insurers to assert any defenses in the State Court Action or any other action or proceeding other than one to enforce the terms of this Stipulation and

Order. Notwithstanding any other term or provision contained herein, this Stipulation is without prejudice to any of the rights, claims or defenses of the Debtors' insurers under any of the Insurance Policies, any agreements related to the Insurance Policies and/or any applicable state law, all of which are expressly reserved.

6. Neither the Stipulation and Order, nor any actions taken pursuant hereto, shall constitute admissible evidence against the Parties in an arbitration proceeding or any other action or proceeding other than one to enforce the terms of this Stipulation and Order.

7. Each party executing this Stipulation and Order represents that such party has the full authority and legal power to do so.

8. Each party understands and agrees that this Stipulation and Order is solely to allow the Claimant to litigate the State Court Action to the extent of available insurance coverage under the Insurance Policies, and that the Stipulation and Order shall not be construed as an admission of liability by the Debtors.

9. The Debtors make no representations respecting the Claimant's likelihood of success in the State Court Action or with respect to its efforts to collect against the Insurance Policies.

10. This Stipulation and Order shall not be deemed an agreement by the Debtors to provide assistance to, or to cooperate with Claimant in its efforts to secure payment on account of its claims in the State Court Action.

11. This Stipulation and Order does not allow any party other than Claimant to pursue claims against the Debtors in the State Court Action or in any other action.

12. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument,

and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

13. This Stipulation and Order shall not be modified, altered, amended or vacated without the written consent of the Parties or by further order of the Bankruptcy Court.

14. This Stipulation and Order constitutes the entire agreement and understanding between the Debtors and the Claimant relating to the subject matter herein and supersedes all previous or contemporaneous oral or written representations, understandings or agreements between the parties.

15. The Bankruptcy Court shall retain jurisdiction over the subject matter of this Stipulation and Order to resolve all disputes arising under or relating to this Stipulation and Order.

16. This Stipulation and Order is subject to the approval of the Bankruptcy Court and shall not become effective against the Debtors unless and until it is "so-ordered" by the Court.

17. This Stipulation and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

Dated:  February 20, 2018  
New York, New York

Dated: January 25, 2018  
Hermosa Beach, California

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

THE SIMON LAW GROUP, LLP

*/s/ Paul M. Basta*  
Paul M. Basta  
Lewis R. Clayton  
Jacob A. Adlerstein  
Claudia R. Tobler

1285 Avenue of the Americas  
New York, New York  10019  
Telephone:  (212) 373-3000  
Facsimile:  (212) 757-3990  
pbasta@paulweiss.com  
lclayton@paulweiss.com  
jadlerstein@paulweiss.com  
ctobler@paulweiss.com

*Counsel for Debtors and Debtors in Possession*

*/s/ Robert T. Simon*  
Robert T. Simon

34 Hermosa Avenue  
The Simon Law Building  
Hermosa Beach, California  90254  
Telephone:  (310) 914-5400  
Facsimile:  (310) 914-5401  
robert@thesimonlawgroup.com

*Counsel for Claimant Donald Foster*

SO ORDERED, this  
6th day of March, 2018

/S/ Shelley C. Chapman  
HONORABLE SHELLEY C. CHAPMAN  
UNITED STATES BANKRUPTCY JUDGE