UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                   :        Chapter 11
                                                         :
**CM WIND DOWN TOPCO INC.**                              :        Case No. 17-13381 (SCC)
                                                         :
            Reorganized Debtor.[1]                       :
                                                         :
---------------------------------------------------------------x

### ORDER ENJOINING PLAINTIFFS FROM CONTINUING TO PROSECUTE A COMPLAINT IN VIOLATION OF THE PLAN DISCHARGE INJUNCTION

This matter having come before the Court upon the Motion [ECF No. 1030] (the "Motion")[2] of the above-captioned debtor (the "Reorganized Debtor"), on behalf of itself and its affiliates that were former debtors in the above-captioned case (together with the Reorganized Debtor, the "Reorganized Company"), pursuant to sections 105(a), 503, 524, 1141, and 1142 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 3020(d) and 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking the entry of an order (1) enjoining Plaintiffs from continuing to prosecute a complaint in violation of the Plan discharge injunction; and (2) holding Plaintiffs in contempt for violation of the Plan discharge injunction; and upon the Court's review and consideration of the Motion; and the Court having considered the (1) *Plaintiffs' Objections to the Motion of the Reorganized Debtor to (I) Enjoin Plaintiffs from Continuing to Prosecute a Complaint in Violation of the Plan Discharge Injunction and (II) Hold Plaintiffs in Contempt for Violation of the Plan Discharge Injunction* [ECF No. 1056];

---

[1]  The last four digits of the Reorganized Debtor's tax identification number are 9663. The location of the Reorganized Debtor's service address is: 3280 Peachtree Road, N.W., Suite 2200, Atlanta, Georgia 30305.

[2]  Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

1

(2) *Reorganized Debtor's Reply to Plaintiffs' Objection to the Motion of the Reorganized Debtor to (I) Enjoin Plaintiffs from Continuing to Prosecute a Complaint in Violation of the Plan Discharge Injunction and (II) Hold Plaintiffs in Contempt for Violation of the Plan Discharge Injunction* [ECF No. 1067]; (3) *Declaration of Michael A. McVay in Support of Reorganized Debtor's Reply to Plaintiffs' Objection to the Motion of the Reorganized Debtor to (I) Enjoin Plaintiffs from Continuing to Prosecute a Complaint in Violation of the Plan Discharge Injunction and (II) Hold Plaintiffs in Contempt for Violation of the Plan Discharge Injunction* [ECF No. 1067]; and (4) *Plaintiffs' Letter Regarding Reorganized Debtor's Reply* [ECF No. 1074]; and the Court having held a hearing (the "Hearing") on December 12, 2018 and heard the arguments presented and the evidence submitted at the Hearing; and this Court having found that appropriate and timely notice of the Motion and the Hearing thereon having been given and such notice having been adequate and sufficient for all purposes; and all objections to the Motion having been overruled on the merits; and after due deliberation and sufficient cause appearing therefor; and based on the foregoing and for the reasons stated on the record of the Hearing, the Court finds and concludes as follows:

      1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.);

      2.     Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409;

      3.     This is a core proceeding pursuant to 28 U.S.C. § 157(b);

4. The Reorganized Debtor's request to sanction Plaintiffs and their counsel and requiring them to pay the Reorganized Debtor's reasonable attorneys' fees and expenses incurred in connection with the Complaint and with prosecuting the Motion shall be deferred and considered at a later date; and

5. Other than with respect to matters specifically adjourned as set forth in paragraph 4 above, the Reorganized Debtor is entitled to the relief requested in the Motion as set forth herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Plaintiffs are enjoined from commencing or continuing any action seeking any relief against the Reorganized Company based on alleged conduct or claims that occurred or arose before or during the pendency of the Chapter 11 Cases through the Effective Date, including, for the avoidance of doubt, prosecution of the Complaint filed in the District Court with regard to the Pre-Effective Date Sweepstakes.

3. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.

4. The Reorganized Debtor and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: December 17, 2018         /S/ Shelley C. Chapman
New York, New York               HONORABLE SHELLEY C. CHAPMAN
                                 UNITED STATES BANKRUPTCY JUDGE