UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                     Chapter 11

    C.M. Wind Down Topco Inc.,                        Case no. 17-13381

                          Debtor.
----------------------------------------------------------x
STATE OF NEW YORK              )
                               ) ss:
COUNTY OF NEW YORK             )

        Geoffrey Chambers, being duly sworn, deposes and says:

        1.    I am an attorney licensed in South Carolina who represents WGH Communication, Inc., ("WGH"), EJS Investment Holdings, LLC ("EJS") and Eric Steinmann in this matter.

        2.    I worked with Georgia attorney Lindsey Hobbs in drafting the Complaints filed in *Steinmann v. Berner, et al.*, Fulton County, Georgia Superior Court Civil Action No. 2018-cv-312580, and *EJS Investment Holdings, LLC, et al. v. Berner, et al.*, Fulton County, Georgia Superior Court Civil Action No. 2018-cv-312575 (collectively, the "Complaints"), which are the subject of this hearing.

        3.    The Complaints were drafted based upon information provided by Mr. Steinmann, employees of Mr. Steinmann, employees of WGH, and employees of EJS.

        4.    Facts were checked to the best of our abilities from news media sources, internet sources, SEC filings and court pleadings associated with Cumulus Media, Inc., Crestview Partners and other defendants.

        5.    A discussion with a former member of the Cumulus Media, Inc. Board of Directors corroborated the facts provided by Plaintiffs in the Complaints.

6. We filed these complaints in Georgia under a good faith belief that the facts as alleged support the causes of action, and are exempted from the releases and other protections associated with this Court's May 10, 2018 Order Confirming the Debtors' First Amended Joint Chapter 11 Plan of Reorganization (the "Confirmation Order").

7. The Complaints were filed under a good faith belief that the litigation was not for an improper purpose.

8. The claims and other legal contentions are supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law

9. The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

10. On or about December 17, 2018, we received a phone call with Attorney Lew Clayton, representing Defendants in the Complaint. Mr. Clayton alleged the Complaints violated this Court's Confirmation Order and demanded the same be dismissed with prejudice within a short period.

11. The Plaintiffs hired counsel with bankruptcy expertise to look into the allegations made by Mr. Clayton.

12. Plaintiff's bankruptcy counsel requested additional time from Mr. Clayton to review the allegations. As of December 21, 2018, it was our understanding that additional time would be granted to allow further investigation of Mr. Clayton's claims. Rather than file a consent to the extension, Mr. Clayton filed this motion to enjoin and for sanctions that same day.

The Plaintiffs' Georgia counsel was asked to consent to a stay or to extend the deadline to respond to the Complaints, and agreed to a two week extension of time to respond. Defendants filed a Motion to Stay the proceedings as to the Georgia Complaints on December 26, 2018.

13. At this time and based upon initial review by bankruptcy counsel, I am under the belief and it is my understanding that our facts give rise to causes of action that do not violate this Court's Confirmation Order. The Complaints will be amended to make these causes of action more explicit. The underlying facts support these more explicitly plead causes of action in the same good faith manner stated above.

Sworn to before me this
_____ day of January, 2019

_____
NOTARY PUBLIC

J. M. MILLIGAN
NOTARY
My Comm. Exp.
09/18/2028
PUBLIC
SOUTH CAROLINA

3