UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

**CM WIND DOWN TOPCO INC,**

Reorganized Debtor.[1]

Chapter 11

Case No. 17-13381 (SCC)

## ORDER (I) DENYING MOTION OF ANN MCMANUS FOR AN ORDER FOR RELIEF FROM THE PLAN INJUNCTION TO PURSUE LIQUIDATION OF CLAIM BY JURY TRIAL IN DISTRICT COURT AND (II) DENYING REORGANIZED DEBTOR'S INITIAL OBJECTION TO ADMINISTRATIVE EXPENSE CLAIM NUMBER 1102

**WHEREAS**, on August 17, 2018, the above-captioned debtor (the "Reorganized Debtor"), on behalf of itself and its affiliates that were former debtors in the above-captioned case (each such affiliate, a "Former Debtor" and together with the Reorganized Debtor, the "Reorganized Company") filed the *Reorganized Debtor's Initial Objection to Administrative Expense Claim Number 1102* [ECF No. 971] (the "Claim Objection");[2]

**WHEREAS**, on September 10, 2018, Ann McManus ("Claimant") filed the *Response of Ann McManus to Reorganized Debtor's Initial Objection to Her Administrative Expense Claim Number 1102* [ECF No. 983];

**WHEREAS**, on March 19, 2019, Claimant filed the *Motion of Ann McManus for an Order for Relief from the Plan Injunction to Pursue Liquidation of Claim by Jury Trial in District Court* [ECF No. 1139] (the "Stay Relief Motion");

**WHEREAS**, on April 9, 2019, the Reorganized Debtor filed the *Reorganized Debtor's (I) Objection to Motion of Ann McManus for Relief from the Plan Injunction to Pursue Liquidation*

---

[1] The last four digits of the Reorganized Debtor's tax identification number are 9663. The location of the Reorganized Debtor's service address is: 3280 Peachtree Road, N.W., Suite 2200, Atlanta, Georgia 30305.

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the Claim Objection.

*of Claim by Jury in District Court and (II) Supplemental Objection to Administrative Expense Claim 1102* [ECF No. 1145];

**WHEREAS**, on April 19, 2019, Claimant filed the *Reply of Ann McManus to Reorganized Debtor's (I) Objection to Motion of Ann McManus for Relief from the Plan Injunction to Pursue Liquidation of Claim by Jury in District Court and (II) Supplemental Objection to Administrative Expense Claim 1102* [ECF No. 1154]; and

**WHEREAS**, on May 1, 2019, by agreement among the parties and with the consent of the Court, the Court held a hearing (the "Hearing") on (I) the Stay Relief Motion and (II) the Claim Objection; and

WHEREAS, on the record of the Hearing, the Reorganized Debtor confirmed that it has withdrawn the argument made in the Claim Objection that Claimant failed to file its administrative expense claim ("Administrative Expense Claim 1102") on or before July 5, 2018, the Administrative Claims Bar Date; and

**WHEREAS**, upon consideration of all the proceedings and submissions before the Court and the arguments presented at the Hearing, the record of which is incorporated herein by reference, the Court **FINDS AND CONCLUDES AS FOLLOWS**:

A. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.) to consider the Claim Objection, the Stay Relief Motion, and the related submissions, and the relief requested therein constitute core proceedings pursuant to 28 U.S.C. § 157.

B. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. Claimant alleges facts that, if proven, are sufficient to give rise to an expense of administration within the meaning of section 503(b) of the Bankruptcy Code to the

extent such facts, if proven, give rise to liability under applicable non-bankruptcy law as alleged in Administrative Expense Claim 1102.

**NOW THEREFORE IT IS HEREBY ORDERED THAT**:

1. The Stay Relief Motion is **DENIED** with prejudice for the reasons stated on the record.

2. The Claim Objection is **DENIED** without prejudice for the reasons stated on the record.

3. Any and all damages or other claims set forth in Administrative Expense Claim 1102 that are based on, related to, or arise from pre-petition conduct or allegations are barred as untimely and discharged by the Plan.

4. This Court will retain jurisdiction over claims solely based on post-petition conduct alleged in Administrative Expense Claim 1102 and will proceed to conduct an evidentiary hearing on its merits ("Evidentiary Hearing").

5. On July 29, 2019 at 10 a.m., the Court will hold a status conference regarding Administrative Expense Claim 1102 and the Evidentiary Hearing.

6. The Reorganized Debtor, the Claims and Noticing Agent, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

7.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: June 5, 2019  /S/ Shelley C. Chapman
New York, New York  THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE